1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 416
   San Jose, California  95113-2404
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   WILLIE MAE LETT

6

7

8              IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
               SAN JOSE DIVISION

10  WILLIE MAE LETT,                          Case No.

11                      Plaintiff,

12  v.                                        COMPLAINT

13  APEX FINANCIAL MANAGEMENT, LLC,           DEMAND FOR JURY TRIAL
    a Illinois limited liability company, and
14  BRUCE ROBERT PASSEN, as an individual     15 Unites States Code § 1692 *et seq.*
    and in his official capacity,             California Civil Code § 1788 *et seq.*
15
                        Defendants.
16

17       Plaintiff, WILLIE MAE LETT, based on information and belief and investigation of

18  counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which

19  are alleged on personal knowledge), hereby makes the following allegations:

20                          **I.  INTRODUCTION**

21       1.      This is an action for statutory damages, attorney fees and costs brought by an

22  individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

23  § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

24  California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from

25  engaging in abusive, deceptive and unfair practices.

26                          **II.  JURISDICTION**

27       2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

28  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

                                   -1-

1    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2        3.    This action arises out of Defendants' violations of the Fair Debt Collection

3    Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

4                                   **III. VENUE**

5        4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

6    that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

7    district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

8    Defendants transact  business in this judicial district and the violations of the FDCPA complained

9    of occurred in this judicial district.

10                        **IV.  INTRADISTRICT ASSIGNMENT**

11        5.    This lawsuit should be assigned to the San Jose Division of this Court because

12    a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

13    County.

14                                  **V.  PARTIES**

15        6.    Plaintiff, WILLIE MAE LETT (hereinafter "Plaintiff"), is a natural person

16    residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15

17    U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18        7.    Defendant, APEX  FINANCIAL  MANAGEMENT, LLC, (hereinafter

19    "APEX"), is an Illinois limited liability company engaged in the business of collecting debts in this

20    state with its principal place of business located at: 1120 Lake Cook Road, #A, Buffalo Grove,

21    Illinois 60089-1970. APEX may be served at the address of its registered agent at:  Apex Financial

22    Management, LLC, c/o Jeffrey W. Linstrom, Agent for Service of Process, 5 Revere Drive, Suite

23    206, Northbrook, Illinois  60062-1568.  The principal business of APEX is the collection of debts

24    using the mails and telephone, and APEX regularly attempts to collect debts alleged to be due

25    another.  APEX is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil

26    Code § 1788.2(c).

27        8.    Defendant, BRUCE ROBERT PASSEN, (hereinafter "PASSEN"), is a natural

28    person and is or was an employee, agent, officer and/or director of APEX at all relevant times.

1  PASSEN may be served at his current business address at: Bruce Robert Passen, Apex Financial

2  Management, LLC, 5 Revere Drive, Suite 415, Northbrook, Illinois 60062-1568 and at his residence

3  address at: Bruce Robert Passen, 1080 Meadowbrook Lane, Deerfield, Lake County, Illinois 60015-

4  3459.   PASSEN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil

5  Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that PASSEN is liable for

6  the acts of APEX because he sets and approves APEX collection policies, practices, procedures and

7  he directed the unlawful activities described herein.

8       9.      At all times herein mentioned, each of the Defendants was an officer, director,

9  agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

10  times, each Defendant was acting in the full course and scope of said office, directorship, agency,

11  service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

12  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

13                **VI.  FACTUAL ALLEGATIONS**

14       10.     On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have

15  incurred a financial obligation that was primarily for personal, family or household purposes, namely

16  a credit account issued by Wells Fargo Bank and bearing the account number XXXX-XXXX-

17  XXXX-9974 (hereinafter "the alleged debt"). The financial obligation alleged to be originally owed

18  to Wells Fargo Bank by the Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and

19  a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

20       11.     Plaintiff is informed and believes, and thereon alleges that sometime

21  thereafter on a date unknown to the Plaintiff, the alleged debt was sold, assigned or otherwise

22  transferred to Hilco Receivables, LLC.

23       12.     Sometime thereafter, on a date unknown to the Plaintiff, the alleged debt was

24  consigned, placed or otherwise transferred to Defendants for collection from the Plaintiff.

25       13.     Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

26  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27       14.     A true and accurate copy of the first collection letter from Defendants to

28  Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

1      15.    The first collection letter (Exhibit "1") is dated September 30, 2006.

2      16.    The first collection letter (Exhibit "1") was sent in an envelope on which a

3    postage meter stamp dated October 2, 2006, was imprinted.

4      17.    Plaintiff is informed and believes, and thereon alleges that Defendants

5    deposited the envelope containing the first collection letter (Exhibit "1") in the United States Mail

6    on or about October 2, 2006.

7      18.    Plaintiff received the envelope containing the first collection letter (Exhibit

8    "1") from Defendants on or after October 4, 2006.

9      19.    The collection letter (Exhibit "1") was the Defendants' first written notice

10   initially addressed to the Plaintiff in connection with collecting the debt alleged to be originally

11   owed to Wells Fargo Bank.

12     20.    On or about October 18, 2006, Plaintiff mailed a letter to Defendants which

13   stated: "please be advised that I dispute this debt and refuse to pay."

14     21.    A true and accurate copy of the Plaintiff's letter disputing the debt and

15   refusing to pay the debt is attached hereto, marked Exhibit "2," and by this reference is incorporated

16   herein.

17     22.    Defendants received Plaintiff's letter disputing the alleged debt and refusing

18   to pay the alleged debt (Exhibit "2") on or about October 20, 2006.

19     23.    A true and accurate copy of the USPS Tracking Report and Certified Mail

20   Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and

21   refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this

22   reference is incorporated herein.

23     24.    After receiving Plaintiff's letter disputing the alleged debt (Exhibit "2"),

24   Defendants continued their collection efforts without first obtaining and mailing Plaintiff a

25   validation of the debt being collected.

26     25.    After receiving Plaintiff's letter notifying Defendants of her refusal to pay the

27   alleged debt (Exhibit "2"), Defendants continued to communicate with the Plaintiff in an attempt

28   to collect the alleged debt.

COMPLAINT

26.     Thereafter, Defendants sent a second collection letter (Exhibit "4") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27.     A true and accurate copy of the second collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

28.     The second collection letter (Exhibit "4") is dated March 13, 2007.

29.     The second collection letter (Exhibit "4") was sent in an envelope on which a postage meter stamp dated March 14, 2007, was imprinted.

30.     Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail on or about March 14, 2007.

31.     Plaintiff received the envelope containing the second collection letter (Exhibit "4") from Defendants on or after March 16, 2007.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

33.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 31 above.

34.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

35.     Defendant, APEX, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

36.     Defendant, PASSEN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

37.     The financial obligation alleged to be originally owed to Wells Fargo Bank by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

38.     Defendants have violated the FDCPA in the following respects:

1           a.    Defendants continued to communicate with the Plaintiff in an attempt

2              to collect the alleged debt after receiving a written notification that

3              Plaintiff refused to pay the debt being collected, in violation of 15

4              U.S.C. § 1692c(c); and

5           b.    Defendants continued their collection efforts against Plaintiff after

6              receiving a written notification within the thirty-day validation period

7              from Plaintiff disputing the debt being collected in its entirety

8              without first obtaining a verification of the alleged debt and mailing

9              a copy of such verification to the Plaintiff, in violation of 15 U.S.C.

10              § 1692g(b).

11      39.    Defendants' acts as described above were done intentionally with the purpose

12  of coercing Plaintiff to pay the alleged debt.

13      40.    As a result of the Defendants' violations of the FDCPA, the Plaintiff is

14  entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15

15  U.S.C.§ 1692k.

16             **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

17      41.    Plaintiff brings the second claim for relief against Defendants under the

18  Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

19      42.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

20  40 above.

21      43.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

22  § 1788.2(h).

23      44.    Defendant, APEX, is a "debt collector" as that term is defined by the

24  RFDCPA, Cal. Civil Code § 1788.2(c).

25      45.    Defendant, PASSEN, is a "debt collector" as that term is defined by the

26  RFDCPA, Cal. Civil Code § 1788.2(c).

27      46.    The financial obligation alleged to be originally owed to Wells Fargo Bank

28  by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code §

1  1788.2(f).

2        47.    Defendants have violated the RFDCPA in the following respects:

3             a.     Defendants continued to communicate with the Plaintiff in an attempt

4                    to collect the alleged debt after receiving a written notification that

5                    Plaintiff refused to pay the debt being collected, in violation of 15

6                    U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

7             b.     Defendants continued their collection efforts against Plaintiff after

8                    receiving a written notification within the thirty-day validation period

9                    from Plaintiff disputing the debt being collected in its entirety

10                   without first obtaining a verification of the debt and mailing a copy

11                   of such verification to the Plaintiff, in violation of 15 U.S.C. §

12                   1692g(b), as incorporated by Cal. Civil Code § 1788.17.

13       48.    Defendants' acts as described above were done willfully and knowingly with

14  the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

15  1788.30(b).

16       49.    As a result of the Defendants' willful and knowing violations of the RFDCPA,

17  the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred

18  dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code §

19  1788.30(b).

20       50.    As a result of the Defendants' violations of the RFDCPA, the Plaintiff is

21  entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated

22  by Cal. Civil Code § 1788.17.

23       51.    As a result of the Defendants' violations of the RFDCPA the Plaintiff is

24  entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §

25  1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

26       52.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

27  RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

28  that the Plaintiff may have under any other provision of law.

1

## VIII.  REQUEST FOR RELIEF

2    The Plaintiff requests that this Court:

3    a.    Assume jurisdiction in this proceeding;

4    b.    Declare that Defendants' violated the Fair Debt Collection Practices Act, 15 U.S.C.

5          §§ 1692c(c) and 1692g(b);

6    c.    Declare that Defendants' violated the Rosenthal Fair Debt Collection Practices Act,

7          Cal. Civil Code § 1788.17;

8    d.    Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant

9          to 15 U.S.C. § 1692k(a)(2)(A);

10   e.    Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater

11         than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

12   f.    Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant

13         to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

14   g.    Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to

15         15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

16   h.    Award the Plaintiff such other and further relief as may be just and proper.

17

18                                        CONSUMER LAW CENTER, INC.

19
                                          By: /s/ Fred W. Schwinn
20                                            Fred W. Schwinn, Esq.
                                              Attorney for Plaintiff
21                                            WILLIE MAE LETT

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WILLIE MAE LETT, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# Apex Financial Management, LLC

1120 W Lake Cook Rd Ste A
Buffalo Grove IL 60089-1970

PO Box 2189 ♦ Northbrook IL 60065-2189
Toll Free: (877) 273-9764
Hours of Operation:
Mon. – Fri. 8:00 am – 9:00 pm (CST)
Sat. – Sun. 8:00 am – 12:00 pm (CST)

**ADDRESS SERVICE REQUESTED**

September 30, 2006

**APEX FINANCIAL MANAGEMENT**
PO Box 2189
Northbrook IL 60065-2189

928912-11100-78147    8502

Willie Lett
2377 Flint Ave
San Jose CA 95148-1718

| | |
|---|---|
| Previous Creditor: | **WELLS FARGO** |
| Current Creditor: | Hilco Receivables, LLC |
| Previous Account #: | 4465390009179974 |
| Apex Account #: | 928912 |
| Balance: | $9,083.66 |

**Past Due Balance**
Detach Upper Portion and Return with Payment

| | |
|---|---|
| Previous Creditor: | **WELLS FARGO** |
| Current Creditor: | Hilco Receivables, LLC |
| Previous Account #: | 4465390009179974 |
| Apex Account #: | 928912 |
| Balance: | $9,083.66 |

This is to advise you that Hilco Receivables, LLC has purchased the above referenced debt you previously owed to Wells Fargo.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment of verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you do not dispute this debt or any portion thereof, you are requested to remit the above stated balance in the enclosed envelope. If you cannot remit the balance, contact us to discuss a repayment plan.

Please direct all payments and all correspondence to: Apex Financial Management, PO Box 2189, Northbrook IL 60065-2189, toll free: (877) 273-9764.

Sincerely,

Apex Financial Management, LLC

This is an attempt to collect a debt and any information obtained will be used for that purpose. In addition this communication is from a debt collector.

IMPORTANT – PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

To make a payment on line, log on to www.apexfm.com and click on make payment.
If you wish to pay by VISA, MasterCard or Discover, fill in the information below and return the entire letter to us.

  

| Account Number | Payment Amount | Expiration Date |
|---|---|---|
| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| | $ | ___/___ |

Card Holder Name                Signature of Card Holder                Date

RGLHILC0211100

**WESTERN UNION | QUICK COLLECT**
The fastest way to send a payment

**MoneyGram ExpressPayment.**

**EXHIBIT**
1

**ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**THIS NOTICE HAS NO EFFECT ON YOUR RIGHTS TO DISPUTE OR REQUEST VALIDATION OF ANY DEBT REFERENCED IN LETTER RECEIVED WITH THIS NOTICE**

### HILCO RECEIVABLES, LLC

### PRIVACY POLICY

This notice is being forwarded to you in compliance with the requirements of the Gramm-Leach-Bliley Privacy Act, 15 U.S.C. sec. 6801 et seq. It has no reflection or bearing upon the status of your account.

**Information We May Collect**

Hilco Receivables, LLC, together with its affiliated companies (collectively, the "Account Owners" or "We"), collects nonpublic personal information about you that is obtained from one or more of the following sources:

1. Information we received from companies that sold us your account (for example, applications and other related forms);
2. Information about your transactions with us, our affiliates, or others; and
3. Information we received from a consumer-reporting agency.

**Information We May Share With Nonaffiliated Companies**

The Account Owners may share all of the information we collect about you, as described above, with nonaffiliated companies, only as permitted by law. For example:

- We may share information about you with companies that we use to perform account-servicing functions to manage and maintain your account and to process transactions that you have authorized; and
- We may report information about you to consumer reporting agencies, government agencies in response to subpoenas, or others in connection with investigations.

**Confidentiality and Security of your Account**

The Account Owners restrict access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers who provide support services to us. We maintain physical, electronic and procedural safeguards to protect your personal information. If we use other companies to provide services for us, we require them to keep the information we share with them safe and secure and we do not allow them to use the information for any purpose other than the job they are hired to do.

**Additional Rights and Modifications**

You may have other privacy protections under state or Federal laws including the Fair Debt Collection Practices Act. We comply with such other privacy protections or with such requirements. We may amend this Privacy Notice at any time, and will inform you of changes as required by law.

Please direct all inquiries in regard to this notice to Hilco Receivables, LLC, 5 Revere Drive, Suite 415, Northbrook, IL 60062 or call us toll free at 800-635-5733 between 8:00 a.m. Central Standard Time and 5:00 p.m. Central Standard Time Monday-Friday.

**Vermont Residents Only**: Following the law of your state, we will not disclose nonpublic personal financial information about you to nonaffiliated third parties (other than as permitted by law) unless you authorize us to make that disclosure. Your authorization must be in writing. If you wish to authorize us to disclose your nonpublic personal financial information to nonaffiliated third parties, you may write to us at Hilco Receivables, LLC, 5 Revere Drive, Suite 415, Northbrook IL 60062.

..................................................................................................................................................

Please use this form if you wish to decline or "opt out" of information sharing.

☐ I wish to exercise my rights to opt out of certain third-party information sharing, as described in this privacy notice.

To change our record to accurately reflect your desire to opt out, please provide us with the following information:

Name: _____    Phone Number: (_____) _____

Address:

_____

Date: _____

1120 W Lake Cook Rd Ste A
Buffalo Grove IL 60089-1970

ADDRESS SERVICE REQUESTED

928912-11100-78147     8502

Willie Lett
2377 Flint Ave
San Jose CA 95148-1718

# REFUSE TO PAY LETTER

October 16, 2006

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7005-3110-0001-5927-0799**

Apex Financial Management, LLC
P.O. Box 2189
Northbrook, IL 60065-2189

Re:    Creditor:    Wells Fargo Bank
       Account No.:  4465390009179974
       Apex Account No: 928912

Dear Sir or Madam:

I have enclosed a copy of the last collection letter that you sent to me.

In this regard, please be advised that I dispute this debt and refuse to pay.

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

Willie Mae Lett
2377 Flint Avenue
San Jose, CA  95148-1718



**Apex Financial Management, LLC**

1120 W Lake Cook Rd Ste A
Buffalo Grove IL 60089-1970

ADDRESS SERVICE REQUESTED

PO Box 2189 ♦ Northbrook IL 60065-2189
Toll Free: (877) 273-9764
Hours of Operation:
Mon. – Fri. 8:00 am –  9:00 pm (CST)
Sat. – Sun. 8:00 am – 12:00 pm (CST)

September 30, 2006

APEX FINANCIAL MANAGEMENT
PO Box 2189
Northbrook IL 60065-2189

928912-11100-78147    8502

Willie Lett
2377 Flint Ave
San Jose CA 95148-1718

| | |
|---|---|
| Previous Creditor: | **WELLS FARGO** |
| Current Creditor: | Hilco Receivables, LLC |
| Previous Account #: | 4465390009179974 |
| Apex Account #: | 928912 |
| Balance: | $9,083.66 |

**Past Due Balance**

Detach Upper Portion and Return with Payment

| | |
|---|---|
| Previous Creditor: | WELLS FARGO |
| Current Creditor: | Hilco Receivables, LLC |
| Previous Account #: | 4465390009179974 |
| Apex Account #: | 928912 |
| Balance: | $9,083.66 |

This is to advise you that Hilco Receivables, LLC has purchased the above referenced debt you previously owed to Wells Fargo.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment of verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you do not dispute this debt or any portion thereof, you are requested to remit the above stated balance in the enclosed envelope. If you cannot remit the balance, contact us to discuss a repayment plan.

Please direct all payments and all correspondence to: Apex Financial Management, PO Box 2189, Northbrook IL 60065-2189, toll free: (877) 273-9764.

Sincerely,

Apex Financial Management, LLC

This is an attempt to collect a debt and any information obtained will be used for that purpose. In addition this communication is from a debt collector.

IMPORTANT – PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

To make a payment on line, log on to www.apexfm.com and click on make payment.
If you wish to pay by VISA, MasterCard or Discover, fill in the information below and return the entire letter to us.



| Account Number | Payment Amount | Expiration Date |
|---|---|---|
| | | | | | | | | | | | | | | | | | $ | ___/___ |

| Card Holder Name | Signature of Card Holder | Date |
|---|---|---|

RGLHILC0211100

**WESTERN UNION | QUICK COLLECT**
The fastest way to send a payment



**THIS NOTICE HAS NO EFFECT ON YOUR RIGHTS TO DISPUTE OR REQUEST VALIDATION OF ANY DEBT REFERENCED IN LETTER RECEIVED WITH THIS NOTICE**

### HILCO RECEIVABLES, LLC

### PRIVACY POLICY

This notice is being forwarded to you in compliance with the requirements of the Gramm-Leach-Bliley Privacy Act, 15 U.S.C. sec. 6801 et seq. It has no reflection or bearing upon the status of your account.

**Information We May Collect**
Hilco Receivables, LLC, together with its affiliated companies (collectively, the "Account Owners" or "We"), collects nonpublic personal information about you that is obtained from one or more of the following sources:
1. Information we received from companies that sold us your account (for example, applications and other related forms);
2. Information about your transactions with us, our affiliates, or others; and
3. Information we received from a consumer-reporting agency.

**Information We May Share With Nonaffiliated Companies**
The Account Owners may share all of the information we collect about you, as described above, with nonaffiliated companies, only as permitted by law. For example:

- We may share information about you with companies that we use to perform account-servicing functions to manage and maintain your account and to process transactions that you have authorized; and
- We may report information about you to consumer reporting agencies, government agencies in response to subpoenas, or others in connection with investigations.

**Confidentiality and Security of your Account**
The Account Owners restrict access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers who provide support services to us. We maintain physical, electronic and procedural safeguards to protect your personal information. If we use other companies to provide services for us, we require them to keep the information we share with them safe and secure and we do not allow them to use the information for any purpose other than the job they are hired to do.

**Additional Rights and Modifications**
You may have other privacy protections under state or Federal laws including the Fair Debt Collection Practices Act. We comply with such other privacy protections or with such requirements. We may amend this Privacy Notice at any time, and will inform you of changes as required by law.

Please direct all inquiries in regard to this notice to Hilco Receivables, LLC, 5 Revere Drive, Suite 415, Northbrook, IL 60062 or call us toll free at 800-635-5733 between 8:00 a.m. Central Standard Time and 5:00 p.m. Central Standard Time Monday-Friday.

**Vermont Residents Only**: Following the law of your state, we will not disclose nonpublic personal financial information about you to nonaffiliated third parties (other than as permitted by law) unless you authorize us to make that disclosure. Your authorization must be in writing. If you wish to authorize us to disclose your nonpublic personal financial information to nonaffiliated third parties, you may write to us at Hilco Receivables, LLC, 5 Revere Drive, Suite 415, Northbrook IL 60062.

---

Please use this form if you wish to decline or "opt out" of information sharing.

☐ I wish to exercise my rights to opt out of certain third-party information sharing, as described in this privacy notice.

To change our record to accurately reflect your desire to opt out, please provide us with the following information:

Name: _____     Phone Number: (_____) _____ : _____

Address: _____

Date: _____

USPS - Track & Confirm                                    Page 1 of 1

 **UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: 7005 3110 0001 5927 0799
Detailed Results:

• Delivered, October 20, 2006, 12:20 pm, NORTHBROOK, IL 60062
• Acceptance, October 16, 2006, 3:44 pm, SAN JOSE, CA 95113

( < Back )                    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

---

**POSTAL INSPECTORS**        site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust          Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

   *Apex Financial Management LLC*
   *P.O. Box 2189*
   *Northbrook, IL 60065-2189*

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____    ☐ Agent
                   ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery
                                    10/20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 3110 0001 5927 0799

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**EXHIBIT**
**3**

# Apex Financial Management, LLC

PO Box 2219 ♦ Northbrook IL 60065-2219
Toll Free: (866) 351-3064
Hours of Operation:
Mon. – Fri. 8:00 am – 9:00 pm (CST)
Sat. – Sun. 8:00 am – 12:00 pm (CST)

8160 S Hardy Dr Ste 110
Tempe AZ 85284-1117

ADDRESS SERVICE REQUESTED

March 13, 2007

**APEX FINANCIAL MANAGEMENT, LLC**
PO Box 2219
Northbrook IL 60065-2219

928912-11125-1710117   22055

Willie Lett
2377 Flint Ave
San Jose CA 95148-1718

| | |
|---|---|
| Previous Creditor: | WELLS FARGO |
| Current Creditor: | Hilco Receivables, LLC |
| Previous Account #: | 4465390009179974 |
| Apex Account #: | 928912 |
| Balance: | $9,083.66 |

## Past Due Balance

### Detach Upper Portion and Return with Payment

| | |
|---|---|
| Previous Creditor: | WELLS FARGO |
| Current Creditor: | Hilco Receivables, LLC |
| Previous Account #: | 4465390009179974 |
| Apex Account #: | 928912 |
| Balance: | $9,083.66 |

Apex Financial Management, LLC believes that you would honestly be willing to pay this account if given a fair opportunity to do so.

We are hoping that during this income tax refund or profit sharing bonus time, we could help you save some money.  After reviewing your account, it has been decided that we can offer you a 30% reduction off your balance.  The conditions of this settlement agreement require that this settlement payment is received no later than March 31, 2007.

If you are unable to take advantage of this offer, and would like to discuss an alternative plan, please contact our office.

Please direct all payments and all correspondence to:

**Apex Financial Management**
**PO Box 2219**
**Northbrook IL 60065-2219**

Sincerely,
Apex Financial Management, LLC

This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose.

IMPORTANT – PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

To make a payment on line, log on to www.apexfm.com and click on make payment.
If you wish to pay by VISA, MasterCard or Discover, fill in the information below and return the entire letter to us.

  

| Account Number | Payment Amount | Expiration Date |
|---|---|---|
| | | | | | | | | | | | | | | | | $ | / |

| Card Holder Name | Signature of Card Holder | Date |
|---|---|---|

2GLHILC0211125



EXHIBIT
4

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. *Nonprofit credit counseling services may be available in the area.*

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

8160 S Hardy Dr Ste 110
Tempe AZ 85284-1117

ADDRESS SERVICE REQUESTED

9289912-11125-1710117   22055
Willie Lett
2377 Flint Ave
San Jose CA 95148-1718



03-14-07

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID $0.308
PERMIT NO. 605